CRUZ ET AL., PLAINTIFFS AND APPELLEES, *v.* QUIÑONES,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action of
Filiation.—Memorandum of Costs.

No. 3049.—Decided November 30, 1923.

COSTS—ATTORNEY'S FEES—TRANSCRIPT OF RECORD—DISCRETION OF COURT.—When
the transcript in an appeal from an order approving a memorandum of costs
contains neither the pleadings nor the evidence, the Supreme Court can not
determine whether the trial court abused its discretion unless the amount
allowed is manifestly excessive, and such does not seem to be the case in a
complicated action of filiation in which $600 is allowed as attorney's fees.

APPEAL—JUDICIAL NOTICE.—Generally the Supreme Court will not take judicial
notice of a former appeal for supplying omissions in the record of another
appeal.

The facts are stated in the opinion.

*Mr. P. Fajardo Martínez* for the appellant.

*Mr. L. Torres Grau* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a case in which the District Court of Ponce
declared that the complainants were the natural children
of the defendant. The judgment was appealed and affirmed.
This appeal relates to a memorandum of costs. The ap-
pellant maintains that an award of $600 counsel fees is
excessive, but concedes, of course, that the award of counsel
fees is within the sound discretion of the court.

In the record before us, neither the pleadings nor the
proof taken at the trial has been certified to us. We have
hence not sufficient data to make an inquiry into the ques-
tion of whether the court below abused its discretion. We
have decided under these conditions that unless it appeared
that the amount awarded was excessive for any case of its
kind, we were not in a position to review. *Preston* v. *Váz-
quez,* 31 P. R. R. 841; *Lassalle* v. *Hilla,* 29 P. R. R. 470.
This award of counsel fees in a hard fought filiation suit
does not appear to be excessive.

The only matter that at all distinguishes this case from

the former ones is that the appellant draws attention to the former appeal and asks us to take judicial notice of the record therein. As a general rule the court will not take notice of a previous appeal for an affirmative purpose of an appellant. *Aparicio Brothers* v. *H. C. Christianson & Co.,* 25 P. R. R. 1. We see no reason to make an exception, especially as it does not appear that the appellant in any way notified the appellees that he intended to rely on the previous record. To illustrate how necessary such a notice might become and supposing that we did take judicial notice of the previous record, yet such a record might readily not contain all the material that the court below had before it to judge of the labors of counsel for appellees. In the previous appeal the record was limited to the errors alleged. We could not tell how many suppressed pleadings there were or how much extra work counsel had suffered by reason of the supposed defences or possible delays. The appellees should have had an opportunity, in any case, to reproduce the situation as it appeared below.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.